# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR PRIETO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. ED CV 16-00221 AFM<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER** |

## I.

## BACKGROUND

Plaintiff Hector Prieto protectively filed his applications for disability benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Social Security Act on May 18, 2012. After denial on initial review and on reconsideration, a hearing took place before an Administrative Law Judge (ALJ) on November 4, 2013 but was continued to March 12, 2014 to allow Plaintiff time to provide additional medical evidence. In a decision dated April 2, 2014, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act for the period from July 14, 2011 through the date of the decision. The Appeals Council declined to set aside the ALJ's

unfavorable decision in a notice dated December 4, 2015. Plaintiff filed a Complaint herein on February 4, 2016, seeking review of the Commissioner's denial of his applications for benefits.

In accordance with the Court's Order Re: Procedures in Social Security Appeal, Plaintiff filed a memorandum in support of the complaint on November 7, 2016 ("Pl. Mem."), and the Commissioner filed a memorandum in support of her answer on December 13, 2016 ("Def. Mem."). Plaintiff did not file a reply. This matter now is ready for decision.[1]

## II.

## DISPUTED ISSUE

As reflected in the parties' memoranda, the disputed issue is whether the ALJ erred in reliance on the testimony of the vocational expert ("VE") in determining Plaintiff could perform other work.

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's

---

[1] The decision in this case is being made based on the pleadings, the administrative record ("AR"), and the parties' memoranda in support of their pleadings.

conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## IV.
## FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id*. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. *Id*. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. *Id*. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. *Id*. The claimant has the burden of proving that he is unable to perform past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a *prima facie* case of disability is established. *Id*. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the

national economy. *Id*. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

## V.

## THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 14, 2011, the alleged onset date. (AR 12.) At step two, the ALJ found that Plaintiff had the following severe impairments: diabetes mellitus II, hepatitis C, mild degenerative joint disease of the bilateral knees, bilateral carpal tunnel syndrome, obesity, chronic pain syndrome, diabetic neuropathy, degenerative disc disease of the lumbar and thoracic spine, lumbar radiculopathy, hypothyroidism, complex regional pain syndrome of the right lower extremity, personality disorder and history of testicular cancer in remission. (*Id*.) At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id*.) At step four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(c) except as follows:

> [Plaintiff] is limited to standing and/or walking for four hours out of an eight hour workday but for no more than 30 minutes at one time. Further, he will likely require the use of a single point cane or support from a rail or counter for standing or walking for more than 30 minutes. He is able to sit for six hours out of an eight-hour workday but requires brief position changes at his workstation after approximately one hour. He is able to perform occasional bending, stooping, climbing steps, and balancing. However, he is restricted from crawling, squatting, crouching, and kneeling as well as working at unprotected heights, around moving machinery or other hazards. He

is precluded from jobs requiring hypervigilance or intense concentration on a particular task in consideration of his pain, side effects of medications, and personality disorder. While he is capable of frequent use of his bilateral upper extremities, he is restricted from repetitive or constant fine or gross manipulation bilaterally with his upper extremities and cannot perform any forceful gripping. Further, he is precluded from repetitive or constant pushing/pulling with his lower extremities such as operating foot pedals. He is to avoid concentrated exposure to extreme temperatures and walking on uneven terrain. He is restricted from working at a job requiring fast-paced production or assembly line type work. Lastly, he is likely to be off task 5% of the workday or work week. (AR 14.)

According to the VE, Plaintiff's RFC prevented him from performing any of his past relevant work. (AR 19.) Finally, at step five, based on the VE's testimony and Plaintiff's age, education, work experience, the ALJ concluded that Plaintiff is capable of making a successful adjustment to light, unskilled work (such as bench assembler, swatch clerk, or counter clerk) that exist in significant numbers in the national economy that Plaintiff can perform. (AR 19-20.) Accordingly, the ALJ concluded that Plaintiff has not been disabled as defined in the Social Security Act since July 14, 2011. (AR 20.)

## VI.

## DISCUSSION

At step five of the sequential evaluation process, "the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The Dictionary of Occupational Titles ("DOT") is the Commissioner's "primary source of reliable job information" and creates a rebuttal

5

presumption as to a job classification. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 n.6, 1435 (9th Cir. 1995); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008). Where, as here, the testimony of a VE is used at step five, the VE must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1162-63 (9th Cir. 2001); *Burkhart v. Bowen*, 856 F.2d 1335, 1340 n.3 (9th Cir. 1988); 20 C.F.R. §§ 404.1566(b), 416.966(b).

In the present case, the dispute focuses on the restrictions in the RFC of (i) standing and/or walking for four hours out of an eight hour workday but for no more than 30 minutes at one time and sitting for six hours per workday, but with brief position changes after approximately one hour, referred to as a "sit/stand" option or restriction;[2] and (ii) being off task 5% of the workday (i.e., 24 minutes per eight-hour workday). Plaintiff does not challenge the accuracy of the hypothetical presented to the VE, but contends that the sit/stand restriction and the 5% off-task limitation conflict with the DOT description for the jobs of bench assembler, swatch clerk, and counter clerk and that the ALJ erred by not eliciting a reasonable explanation from the VE for the deviation under Social Security Ruling (SSR) 00-4p. For the reasons set forth below, the Court finds that the ALJ did not err in reliance on the VE in the step five determination.

In this case, it is not disputed that the ALJ's questions to the VE included in their hypothetical all of the limitations that the ALJ found were part of plaintiff's RFC. Based on this hypothetical, the VE testified that an individual could not do Plaintiff's past relevant work. (AR 105.) However, the VE also testified that the hypothetical individual could perform the jobs of bench assembler (DOT 706.684-

---

[2] As summarized in Plaintiff's memorandum, Plaintiff "needs the option to alternate sitting and standing every 30 minutes and on the hour. . . ." (Pl. Mem. at 4.)

022), swatch clerk (DOT 222.587-050, and counter clerk (DOT 249.366-010). (AR 105-06.) The ALJ then followed up and asked about the impact of the sit/stand limitation. (AR 106.) The VE responded that the number of national jobs did not need to be reduced due to this limitation "[b]ecause these positions can be done in a seated position or in a standing position and there's no issue with regards to either position." (*Id.*) The ALJ also asked the VE about the limitation of being off task for up of 5% of the workday, and the VE testified that would not reduce the number of jobs existing in the national economy. (*Id.*) Relying on the VE's testimony, the ALJ found that Plaintiff could perform a significant number of jobs in the national economy and was therefore not disabled. (AR 20.)

Under Ninth Circuit law interpreting SSR 00-4p, an ALJ (i) must ask a VE if the evidence he or she is providing is consistent with the DOT and (ii) must "obtain a reasonable explanation for any apparent conflict." *See Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). Plaintiff agrees that the DOT descriptions at issue do not expressly address the need for the sit/stand option. (*See* Pl. Mem. at 9 ("Because the DOT does not address sit/stand options . . . .").) The DOT descriptions also do not include off-task limitations or requirements. Plaintiff nevertheless contends that the ALJ was required to obtain a reasonable explanation of "apparent conflicts" between the VE's opinion and the DOT. Thus, the issue is whether conflicts existed with the DOT that required an explanation from the VE ─ despite the DOT's silence on the sit/stand restriction and 5% off-task limitation.

The recent Ninth Circuit decision in *Gutierrez v. Colvin*, __ F.3d __, 2016 WL 6958646 (9th Cir. Nov. 29, 2016), discussed the approach for determining whether a conflict exists between VE testimony and the DOT: "For a difference between an expert's testimony and the [DOT's] listings to be fairly characterized as a conflict, it must be obvious or apparent. This means that the testimony must be at odds with the [DOT's] listing of job requirements that are essential, integral or expected. . . . [W]here the job itself is a familiar one ─ like cashiering ─ less

7

scrutiny by the ALJ is required." *Id*. at *2. In *Gutierrez*, the DOT description for a cashier stated that the job required frequent reaching, but the RFC did not permit lifting of the right arm above shoulder. In holding that there was no apparent or obvious conflict, the Ninth Circuit looked at the type of duties listed in the DOT description, applied common knowledge regarding the normal work of a cashier, and concluded that the typical cashier did not need to reach overhead frequently: "[A]n ALJ must ask follow up questions of a vocational expert when the expert's testimony is either obviously or apparently contrary to the [DOT], but the obligation doesn't extend to unlikely situation or circumstances. . . . Given how uncommon it is for most cashiers to have to reach overhead, we conclude that there was no apparent or obvious conflict between the expert's testimony and the [DOT]." *Id*. at *3.

*Gutierrez*, however, did not address whether the DOT's silence on a sit/stand restriction or a 5% off-task limitation is in obvious or apparent conflict with a VE's testimony that a person requiring those limitations can perform a particular job. Indeed, there is no controlling Ninth Circuit authority on the question concerning the sit/stand restriction, although a number of unpublished decisions have addressed it. *See Manley v. Colvin*, 2016 WL 7191541 at *3-4 (C.D. Cal. Dec. 12, 2016) (discussing cases). For example, *Dewey v. Coleman*, 650 Fed. Appx. 512 (9th Cir. 2016), recently held that there was no conflict where the DOT was silent on whether the particular jobs in question allowed for a sit/stand option and the testimony of the VE indicated that claimant (who required a sit/stand option) could perform those jobs. In addition, various district court decisions have found no conflict between the DOT and VE testimony based on a hypothetical including an off-task limitation. *See, e.g., Smith v. Colvin*, 2016 WL 3456906 at *2 (C.D. Cal. June 22, 2016); *Arellano v. Colvin*, 2016 WL 3031770 at *5-6 (C.D. Cal. May 25, 2016); *Diesta v. Colvin*, 2016 WL 6778216 at *8-11 (D. Hi. Nov. 15, 2016).

Here, the Court concludes that there is not an apparent or obvious conflict between the pertinent DOT descriptions and the VE's testimony. According to the DOT, the duties of counter clerk include receiving film for processing, loading film into processing equipment, collecting payments, answering customer questions, filing film, using a cash register, and selling photo supplies. *See* 1991 WL 672323. The swatch clerk duties include collecting cloth samples, marking sample lots, filing swatch cards and mailing swatches to customers. *See* 1991 WL 672126. The bench assembler duties include repetitive tasks on an assembly line for small products, positioning parts, fastening parts, and loading and unloading set up machines. *See* 1991 WL 679050. In the language of *Gutierrez*, the "essential, integral or expected" requirements of these jobs would not require standing or sitting all of the time, and would not prevent alternating sitting and standing every 30 minutes and on the hour. Nor do the DOT job descriptions prevent being off task for 5% of the time (24 minutes) over the course of a workday. It would be a very unlikely or uncommon circumstance where performing the jobs of bench assembler, swatch clerk, or counter clerk would not permit the sit/stand option or the need to be off task for 5% of the workday.[3] *See Gutierrez*, 2016 WL 6958646 at *3.

In addition, the VE[4] affirmatively stated that his testimony was "consistent with the <u>Dictionary of Occupational Titles</u>." (AR 106.) The VE was also questioned about the sit/stand option and testified that the jobs of bench assembler, swatch clerk, and counter clerk "can be done in a seated position or in a standing position and there's no issue with regards to either positioning." (*Id.*) Similarly,

---

[3] The Court also notes that bench assembler and counter clerk are relatively familiar jobs, thereby requiring less scrutiny by the ALJ. *See Gutierrez*, 2016 WL 6958646 at *2.

[4] Plaintiff does not challenge the credentials or expertise of the VE. (AR 104, 298-304.)

the VE testified that a person who needed to be off task for 5% of the workday could perform these occupations. (*Id*.) Therefore, even if an obvious or apparent conflict could be found, the VE provided support for any deviation from the DOT. The ALJ was entitled to rely on this testimony of the VE. *See Bayliss v. Barnhart*, 427 F. 3d 1211, 1218 (9th Cir. 2005); *Smith*, 2016 WL 3456906 at *2; SSR 00-4p (2000 WL 1898704 at *2).

Finally, the Court finds persuasive the reasoning of *Laufenberg v. Colvin*, 2016 WL 6989756 at *9 (C.D. Cal. Nov. 29, 2016), that to hold conflicts exist in circumstances such as these "would mean that VEs always create conflicts with the DOT whenever they mention any of the multitude of things about a job not expressly addressed in the DOT." No controlling authority requires a finding of that type of conflict.

In sum, the Court concludes that there was no error in the ALJ's reliance on the VE's testimony in making the step five determination of other work that Plaintiff could perform. There was not an obvious or apparent conflict between the VE's testimony and the DOT descriptions for bench assembler, swatch clerk, and counter clerk. Thus, the ALJ was not required to ask the VE to provide an explanation of any deviation from the DOT, and in any event, the ALJ did obtain testimony from the VE that reasonably addressed this issue.

*      *      *      *

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: December 29, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE